IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamarv Paremore Hammond, #112950, *a/k/a Jamarv P. Hammond, #265009*,<br><br>                    Plaintiff,<br><br>vs.<br><br>Sheriff L.C. Knight,<br>Major R. Darlington,<br>Lieutenant Branch,<br>John Doe, Transportation Sergeant,<br>Sheriff Al Canon,<br>Chief Deputy Willis Beatty,<br>Major Harris,<br>Major Grant,<br>Captain Salters,<br>Lt. Luke,<br>Lt. Driscoll,<br>Sgt. Gladden,<br>Sgt. Shepphard,<br>                    Defendants. | C/A No. 4:20-cv-3114-JFA-TER<br><br>**ORDER** |

**I.     INTRODUCTION**

The *pro se* plaintiff, Jamarv Hammond, a pretrial detainee, brings this civil rights action pursuant to 28 U.S.C. § 1915; § 1915A. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

Plaintiff filed his complaint on August 31, 2020. (ECF No. 1). By order dated September 15, 2020, the Magistrate Judge provided Plaintiff the opportunity to file an amended complaint to correct deficiencies identified by the court which would warrant summary dismissal pursuant to § 1915 and § 1915A. (ECF No. 8). Plaintiff failed to file an

amended complaint but did file a "response to proper form order" (ECF No. 13), along with a separate motion for declaratory judgment (ECF No. 12).

After reviewing the complaint and specifically advising Plaintiff of deficiencies in his pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 17). Within the Report, the Magistrate Judge opines that the complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. *Id.* Thus, the Report recommends that this matter be summarily dismissed with prejudice and without issuance and service of process. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation except for those issues of fact discussed below.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on October 19, 2020. *Id.* After requesting and receiving and extension of time, Hammond filed objections to the Report on November 20, 2020. (ECF No. 24). Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.

3

1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## III.    DISCUSSION

Within the Report, the Magistrate Judge ultimately concludes that Plaintiff's complaint, which includes claims of lost or destroyed legal materials, lack of access to the courts and lack of adequate legal resources, should be summarily dismissed in its entirety.

Apart from the legal conclusion ultimately reached by the Magistrate Judge, Hammond asserts that much of the factual underpinning used to support these conclusions are clearly erroneous. Hammond gives several specific examples to support his objections. (ECF No. 24)

Initially, Hammond takes issue with the Magistrate Judge's assertion that he failed to properly respond to the proper form order. In the Report, it appears that the Magistrate Judge acknowledges that Hammond filed a letter in response to the proper form order but did not analyze its contents as it was "not an operative pleading, but a letter in reply to the order." (ECF No. 17, p. 3). Hammond avers that he addresses many of the Magistrate Judge's concerns within this letter. Accordingly, when liberally construed, it appears Hammond is requesting that his letter be incorporated into his original complaint to the extent that it offers any additional factual support to his claims.

Although the court agrees with the Magistrate Judge's conclusion that Plaintiff technically failed to file an entirely new amended complaint to cure his prior defects as

4

ordered, this court finds that the requirement to construe a pro se litigant's filings liberally to allow them an opportunity to present valid claims mandates that Plaintiff's subsequent letter (ECF No. 13)[2] be construed as an attachment or supplement to Plaintiff's original complaint. Accordingly, the court declines to adopt the Report to the extent that it fails to consider Plaintiff's filing in response to the proper form order.

Separate and apart from the above determination, Plaintiff also points to several factual discrepancies in the Report. Chief among them is that the Magistrate Judge bases several of his conclusions on the fact that Plaintiff is represented by counsel in his pending federal criminal proceedings. The Magistrate Judge consequently concluded that Plaintiff's denial of access to the courts claim is frivolous and should be dismissed. The Magistrate Judge also used Plaintiff's criminal counsel as a basis for denying Plaintiff's claims arising out of a lack of a law library and legal resources. Although Plaintiff was represented by counsel in his pending federal criminal matter (*U.S. v. Hammond*, 2:18-cr-0050-RMG) at the time the Report was issued, his motion to proceed pro se in that matter was subsequently granted on November 16, 2020. Thus, Hammond is not longer aided by counsel in his criminal matter and is fully representing himself. The docket in that matter shows he currently has a motion to withdraw his guilty plea pending. Additionally, Plaintiff avers he is involved in other state court and civil matters in which he is also proceeding pro se.

---

[2] Although Plaintiff specifically references ECF No. 12 in his objections, it appears this is in error as ECF No. 13 is the filing actually titled "Plaintiff's response to proper form order" and ECF No. 12 is the separate motion for declaratory judgment.

Given this change in factual circumstances since the issuance of the Report, this court finds that the Magistrate Judge's initial conclusions cannot stand. Although the Magistrate Judge had no way of knowing Plaintiff would later proceed pro se in his criminal matter, the fact remains that he is now proceeding pro se and therefore the Magistrate Judge must review his claims anew under the current situation.

As an additional objection, Plaintiff takes issue with the Magistrate Judge's reliance on *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) to support his conclusion that "Plaintiff is held as a detainee in a local detention center; the Fourth Circuit Court of Appeals has held that local jails, designed for temporary detainment, are generally not required to have a law library." (ECF No. 17, p. 4). Although the Magistrate Judge is correct in reciting the general principal presented in *Magee*, Plaintiff argues that he is no mere temporary detainee as he has been detained for 1,144 days and "there is nothing temporary about 39 months of detention." (ECF No. 24, p. 10). Because the Magistrate Judge previously concluded that Plaintiff's criminal counsel foreclosed his complaints regarding a law library, the Magistrate Judge had no need to delve further into Plaintiff's time of incarceration at any given facility. However, as Plaintiff is now proceeding pro se, these allegations may need further examination under a new lens. Accordingly, the undersigned declines to adopt the report and instead refers the matter back to the Magistrate Judge for further proceedings.

## IV.  CONCLUSION

For the reasons stated above, the court declines to adopt the Report (ECF No. 17) in its entirety. This matter is therefore recommitted to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

December 7, 2020  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge