IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamarv Paremore Hammond, #112950, *a/k/a Jamarv P. Hammond, #265009*,<br><br>                              Plaintiff,<br><br>vs.<br><br>Sheriff L.C. Knight,<br>Major R. Darlington,<br>Lieutenant Branch,<br>John Doe, Transportation Sergeant,<br>Sheriff Al Canon,<br>Chief Deputy Willis Beatty,<br>Major Harris,<br>Major Grant,<br>Captain Salters,<br>Lt. Luke,<br>Lt. Driscoll,<br>Sgt. Gladden,<br>Sgt. Shepphard,<br>                              Defendants. | C/A No. 4:20-cv-3114-JFA-TER<br><br>**ORDER** |

## I.     INTRODUCTION

The *pro se* plaintiff, Jamarv Hammond, a pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Plaintiff filed his complaint on August 31, 2020. (ECF No. 1). Thereafter, he filed several motions seeking various forms of injunctive or declaratory relief. (ECF Nos. 4, 12, & 27). Additionally, Defendants Sheriff Al Cannon, Chief Deputy Willis Beatty, Major Harris, Major Grant, Captain Salters, Lt. Luke, Lt. Driskell, Sgt. Gladden, and Sgt.

1

Sheppard (hereinafter "Charleston Defendants") filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) (ECF No. 51) and Defendants Sheriff L.C Knight, Major Richard Darling, Lieutenant Branch and John Doe (hereinafter "Dorchester Defendants") filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (ECF No. 63).

After reviewing each of the above motions and advising Plaintiff of his right to respond to Defendants' dispositive motions, the Magistrate Judge assigned to this action[1] issued three separate Reports and Recommendations ("Reports") addressing each of the above motions. (ECF Nos. 69, 70, & 81). Within these Reports, the Magistrate Judge opines that (1) Plaintiff's motions for preliminary injunction (ECF Nos. 4 and 27) and for declaratory judgment (ECF No. 12) should be denied; (2) the Charleston Defendants' motion to dismiss should be granted; and (3) the Dorchester Defendants' motion for summary judgment should be granted.

These Reports set forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the each of the Reports. After requesting and receiving multiple extension (ECF Nos. 77 & 86), Hammond failed to file formal objections. However, within his most recent motion for extension, he submitted arguments opposing the Magistrate Judge's conclusions. (ECF No. 85). Thus, the court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

2

will construe this filing as objections and adjudicate them accordingly. Therefore, this matter is ripe for review.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

3

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

### III. DISCUSSION

Plaintiff's filing contains two specific objections to the Reports. Initially, Plaintiff avers that the district court in his parallel criminal proceeding[2] has "issued rulings that have been demonstrably erroneous" that "do not address nor resolve all the issues presented in the Plaintiff's §1983 civil complaint." (ECF No. 85, p. 2). Within his second objection, Plaintiff states that the Defendants' use of collateral estoppel as a defense to his current claims is incorrect because the matters in this case "have neither been 'fully litigated' nor 'final.'" (ECF No. 85, p. 3).

---

[2] *U.S. v. Hammond*, 2:18-cr-0050-RMG.

4

Both of these objections take issue with the Defendants' use of certain orders within Plaintiff's criminal case which deal with the same allegations now presented in this civil action to argue that Plaintiff's claims are barred by collateral estoppel. Accordingly, both objections will be addressed together. Specifically, Plaintiff's allegations include a denial of access to courts based on lost or destroyed legal materials and lack of adequate legal resources. Within the Report, the Magistrate Judge thoroughly reviewed the Orders issued in Plaintiff's criminal action and applied those rulings to the elements necessary to show collateral estoppel. (ECF No. 70, p. 4-6). A review of the Reports indicates that the Magistrate Judge correctly concluded that these claims should be barred by collateral estoppel because Plaintiff had a full and fair opportunity to litigate these issues before the court in his criminal matter. Although Plaintiff now takes issue with this analysis, he has failed to support his position with any factual or legal arguments. Therefore, he has failed to show error in any of the Reports which would warrant a different outcome.

Additionally, Plaintiff failed to address the Reports' alternative conclusions that Plaintiff's claims fail for reasons other than collateral estoppel. Specifically, the Magistrate Judge concluded that Plaintiff failed to allege an injury sufficient for his access to court claims to withstand a motion to dismiss. (ECF No. 70, p. 9; ECF No. 81, p. 13). Additionally, Plaintiff's allegations regarding deprivation of personal property fail as state law provides a viable remedy. (ECF No. 70, p. 10; ECF No. 81, p. 13). Thus, these claims would be subject to dismissal even if Plaintiff's objections were correct.

Plaintiff failed to object to the initial Report regarding motions for preliminary injunction (ECF Nos. 4 and 27) and for declaratory judgment (ECF No. 12). The Court has reviewed this Report and finds no error. Accordingly, this Report is likewise approved.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Reports and Recommendations, and the objections thereto, this Court finds the Magistrate Judge's recommendations fairly and accurately summarize the facts and apply the correct principles of law. Accordingly, the Court adopts each of the Reports (ECF Nos. 69, 70, & 81). Thus, Plaintiff's motions for preliminary injunction (ECF Nos. 4 and 27) and for declaratory judgment (ECF No. 12) are denied; the Charleston Defendants' motion to dismiss (ECF No. 51) is granted; and the Dorchester Defendants' motion for summary judgment (ECF No. 63) is granted.

IT IS SO ORDERED.

September 29, 2021                           Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge